Petition for Writ of Mandamus Denied; Majority and Concurring Opinions
of December 3, 2004 Withdrawn; and Substitute Majority and Concurring Opinions 
filed February 24, 2005









Petition for Writ of Mandamus Denied; Majority and
Concurring Opinions of December 3, 2004 Withdrawn; and Substitute Majority and
Concurring Opinions  filed February 24,
2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00514-CV

____________

 

 

IN RE
SHARON ELIZABETH SULLIVAN, Relator

 

________________________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

________________________________________________________________

 

S U B S T I T U T E   C O N
C U R R I N G   O P I N I O N

While I join the majority=s holding
and disposition, I respectfully disagree with its reasoning in reaching its
conclusion.  Today the majority concludes
that the real party in interest, Brian Keith Russell, has standing under
Chapter 160 of the Texas Family Code to establish his paternity of a child
conceived through artificial insemination from the donation of his sperm to an
unmarried woman, relator Sharon Elizabeth Sullivan.  Because the plain and ordinary meaning of the
relevant statutory provision in that chapter clearly confers standing upon a
party such as Russell in the present case, I respectfully concur.








Standing Under Section
160.602

Standing to sue may be predicated
upon either statutory or common-law authority. 
See Williams v. Lara, 52 S.W.3d 171, 178B79 (Tex.
2001).  When standing is conferred by
statute, the text of the operative provision and the case law interpreting it
serve as the proper framework for the analysis.  DaimlerChrysler Corp. v. Inman, 121 S.W.3d
862, 869 (Tex. App.—Corpus
Christi 2003, pet. filed).  Sullivan
claims that no provision within the Family Code confers standing upon
Russell.  I do not agree.

Section 160.602 provides: ASubject
to Subchapter D [Texas Family Code ' 160.301B316] and
Sections 160.607 and 160.609 and except as provided by Subsection (b), a
proceeding to adjudicate parentage may be maintained by: . . . (3) a man whose
paternity of the child is to be adjudicated . . . .@ Tex. Fam. Code Ann. '
160.602(a)(3) (Vernon Supp. 2004B2005).  Russell=s
petition states as follows: AA purpose
of this suit is to establish the parent-child relationship between BRIAN KEITH
RUSSELL and the child, the subject of this suit.@  Therefore, Russell would clearly have
standing under section 160.602 unless some other section of Chapter 160 states
otherwise.[1]

Stautory Text of Section
160.702

Sullivan next claims that the
plain language of section 160.702 negates any standing Russell may have been
granted under section 160.602.  Section
160.702 provides: AA donor is
not a parent of a child conceived by means of assisted reproduction.@  Tex.
Fam. Code Ann. ' 160.702
(Vernon 2002) (emphasis added).








The primary rule of statutory
interpretation is to ascertain and give effect to the intent of the Texas
Legislature.  Phillips v. Beaber,
995 S.W.2d 655, 658 (Tex. 1999).  If the
statute is unambiguous, we are required to seek this intent in the plain and
common meaning of its words and not elsewhere. 
See Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 352 (Tex.
1990).

The Aplain and
common meaning@ of section 160.702 does not
negate Russell=s standing under section
160.602.  Rather, section 160.702 states
only that one=s status as a mere donor does not
establish in and of itself the existence of a parent-child relationship between
the donor and the child resulting from assisted reproduction.  It does not state that a donor can never
be a parent under appropriate circumstances. 
Perhaps Sullivan=s
construction of this provision would be accurate if the statute had provided, AA donor cannot
be a parent of a child conceived by means of assisted reproduction.@  But that language does not appear in section
160.702, and Sullivan=s
construction cannot be reached based on the plain and common meaning of the
provision as enacted.  In the present
case, Russell does not claim that he is a father based solely on his status as
a donor; rather, he alleges paternity of the child based on a Awritten
co-parenting agreement.@[2]  Therefore, Russell=s
standing is not negated by section 160.702 because the language simply does not
bear the meaning Sullivan ascribes to it.

Conclusion

Because section 160.602 of the Family Code broadly
confers standing upon Brian Keith Russell in the present case and no other
provision in Chapter 160 negates such standing, the trial court did not err in
denying relator Sharon Elizabeth Sullivan=s plea to
the jurisdiction.  Accordingly, I concur
in the majority=s denial
of her petition for writ of mandamus.

 

/s/        Adele Hedges

Chief
Justice

 

Petition for Writ of Mandamus Denied; Majority and
Concurring Opinions of December 3, 2004 Withdrawn; and Substitute Majority and Concurring Opinions filed
February 24, 2005.

 

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.  (Frost, J., majority.)

 

 











[1]  In the event
of any conflict between a Chapter 160 provision and another state statute or
rule, the former prevails.  Tex. Fam. Code Ann. ' 160.002 (Vernon 2002).





[2]  The question
of whether the Awritten co-parenting agreement@ suffices to confer the status of parenthood is not before
us.  I express no opinion on whether
Russell will ultimately prevail in the trial court.  I only recognize his standing to try.